IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO PEREZ,

      Plaintiff,

v.                                                              CIV 11-1062 LAM/CG

BORDER TRANSLOAD & TRANSPORT,
INC., and PORFIRIO FLORES (Individually),

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. Defendant Border Transload &Transport, Inc. (hereinafter "Defendant Border") and the Estate of Porfirio Flores on behalf of Defendant Porfirio Flores[1] (hereinafter "Defendant Flores") removed this case from the Third Judicial District Court on December 1, 2011, stating that Plaintiff's Complaint was filed on October 28, 2011. [*Doc. 1*]. Defendant Border states that it was served on November 1, 2011, and that its time to answer or respond to Plaintiff's Complaint had not yet run at the time the Notice of Removal was filed. *Id.* at 1 (*see also Doc. 5-1* at 22-23 (return of service on Defendant Border)). Defendant Border states that service was attempted on Defendant Flores on November 1, 2011, but that service on Defendant Flores is improper and invalid because his summons was left at the business address of Defendant Border. [*Doc. 1* at 1-2]; *see* Fed. R. Civ. P. 4(e) (providing how an individual may be served). As of this date, neither Defendant Flores nor his estate has filed a motion

---

[1] The Estate of Porfirio Flores is not a named Defendant. Counsel for Defendant Border states in the Notice of Removal that "the probate representative of Defendant Flores, through undersigned counsel, joins in this removal." [*Doc. 1* at 3]. The probate representative is not identified, nor is it clear that counsel for Defendant Border represents the probate representative.

to dismiss based on improper service, so this issue is not properly before the Court.  Furthermore, Defendant Border has not filed an answer or other responsive pleading to Plaintiff's Complaint in violation of Fed. R. Civ. P. 81(c)(2).  Because nothing has been filed in this case since December 20, 2011, it appears that this case is ripe for dismissal for lack of prosecution.  *See* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").  Therefore, Plaintiff is directed to show cause, if he has any, why his Complaint should not be dismissed without prejudice for failure to prosecute.

**WHEREFORE, IT IS HEREBY ORDERED** that, in order to avoid dismissal of this action, Plaintiff must show cause why his Complaint should not be dismissed without prejudice for failure to prosecute **on or before April 19, 2012.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**